UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ALAN COLLEY, | No. C 09-6005 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| Captain PECOT; et al., | |
| Defendants. | |

## INTRODUCTION

Patrick Alan Colley, an inmate at the San Francisco County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983 concerning the jailers' response to his medical needs. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

1    Colley asserts in his complaint that jailers have responded inadequately to his chronic
2 pain – pain which stems from the amputation of his toes about a decade ago. He alleges that
3 he was prescribed methadone, although it is not clear whether he was first prescribed
4 methadone at the jail or before he arrived at the jail. He alleges further that he then was
5 moved from one of San Francisco's jails to another of San Francisco's jails, and at the second
6 jail his methadone was replaced with another medication that did not work. He alleges that
7 he was released from jail and when he was later returned to jail he again could not obtain the
8 desired medication. He also contends that his medical requests and grievances are ignored.

9    To prove that the response of jail officials to an inmate's medical needs was
10 constitutionally deficient, the inmate must establish (1) a serious medical need and (2)
11 deliberate indifference to that need by jail officials. See McGuckin v. Smith, 974 F.2d 1050,
12 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104
13 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A jailer is deliberately indifferent if he knows
14 that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to
15 take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

16    The complaint fails to state a claim upon which relief may be granted against any
17 defendant. Plaintiff must file an amended complaint to cure the deficiencies discussed in this
18 order.

19    First, the complaint does not include any allegation that suggests deliberate
20 indifference to a serious medical need. The alleged switch from methadone to another
21 medication does not on its face show that there was a constitutional violation because often
22 different medicines may be used to treat one condition. He needs to allege that one or more
23 defendants acted with deliberate indifference, e.g., that a defendant knew that switching him
24 from methadone to another medication would not or did not provide effective pain relief and
25 nonetheless changed the medications or refused to put him back on methadone.

26    Second, plaintiff needs to state in his amended complaint whether he was a pretrial
27 detainee or a convict at the time of the alleged constitutional violations. His medical claim
28 would arise under the Fourteenth Amendment's Due Process Clause if he was a pretrial

detainee and under the Eighth Amendment if he had been convicted, although the Eighth Amendment serves as a benchmark for evaluating the Fourteenth Amendment claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).

Third, the complaint does not link any defendant to the claim asserted. Plaintiff must allege in his amended complaint who caused the alleged constitutional violation. In his amended complaint, he needs to link each defendant to his claim by alleging facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants" or "the medical staff"); rather, he should identify each involved person by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e., there is no liability under the theory that one is responsible for the actions or omissions of an employee simply because one employs the wrongdoer.

Fourth, plaintiff needs to write out a complete statement of his claim. He attached several grievances to his complaint apparently as a way to explain his problem. The court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. It is plaintiff's obligation to write out a complete statement of his claim in his amended complaint. The court also notes that the writing on several of the exhibits attached to the complaint was illegible.

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **September 30, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in dismissal of this action.

    IT IS SO ORDERED.

Dated: August 24, 2010

_____
Marilyn Hall Patel
United States District Judge